*420
OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

The issue in this case is whether the Hopi Tribal Courts have the authority to set aside or expunge a conviction after the convicted individual has demonstrated sufficient rehabilitation.

Sta tement of Facts

On June 3, 1990, Mr. Timms was arrested and charged with four (4) criminal offenses: possession of alcohol, resisting lawful arrest, assault, and aiding and abetting. On December 28, 1990, he entered a plea of guilty to all four charges. He was fined $125 and sentenced to 90 days in jail, which was later reduced to one year of probation. Eight years later, Mr. Timms was dismissed from employment at Sherman High School pursuant to 25 U.S.C.A. § 3207(b), which, at that time, stated that no individual may be appointed to a position that involves regular contact with Indian children if the individual has “been found guilty of, or entered a plea of nolo contendere or guilty to, any offense under Federal, State, or tribal law involving crimes of violence ...” Mr. Timms’ assault conviction was considered a previous “crime of violence,” and he was dismissed.

Procedural History

On February 15, 1999, Mr. Timms filed a motion to dismiss his prior convictions for lack of personal jurisdiction because he was not an enrolled member of the tribe when the offenses were committed. On June 1, 1999, the Tribal Court denied Mr. Timms’ motion claiming there was no legal basis upon which to grant the motion. The court held he should have appealed the conviction immediately following imposition of the sentence.
On October 19, 1999, Mr. Timms filed a motion in Hopi Tribal Court to set aside the prior convictions. The court denied the motion because Mr. Timms did not provide any legal authority in support of his motion. Mr. Timms resubmitted the motion to set aside his convictions on October 11, 2000, but the court again denied the motion for lack of legal authority. The court also found the state law cited by Mr. Timms “not binding or controlling in this case.” On December 6, 2000, appellant filed a “notice of appeal” to this court.
Mr. Timms argues on appeal that the Hopi Tribal Court erred in denying the motion to set aside his conviction. He notes that, according to Hopi Resolution H-12-76, Section 2, the laws of Arizona are the sixth highest category of prece-dential authority in Hopi Tribal Court. Although admitting that Hopi law does not contain any provision for setting aside convictions, he argues that Hopi Resolution H-12-76 authorizes the court to import Arizona state law in cases where the five stronger categories of precedent are silent. He urges the court to follow Arizona Revised Statutes § 13-907(A), which grants Arizona state courts the discretion to set aside convictions.

SYNOPSIS

The Court finds that this matter invokes the deeply rooted Hopi concept of ookwal-ni (forgiveness and mercy). It would be inconsistent with this fundamental concept to not consider the Appellant’s petition to set aside his prior conviction. Hopi Resolution H-12-76 requires us to look to such “customs, traditions and culture of the Hopi Tribe.” Accordingly, this court does not need to consider whether H-12-76 authorizes the court to import Arizona statutory law regarding setting aside a conviction. The case is reversed and remanded *421 for further proceedings in accordance with this opinion.

DECISION OF THE COURT

A. The court has statutory jurisdiction to decide this case
This Court has jurisdiction to hear appeals from final judgments and other final orders issued by a judge of the Hopi Tribal Court “except in criminal cases where the defendant is sentenced to less than 30 days imprisonment or labor and/or to pay a fine of less than $50.” Ordinance 21, § 1.2.5. In this case, the underlying conviction involved a fine of $125. Therefore, the court has statutory jurisdiction to decide the case.
B. The Tribal Courts may set aside convictions based on the Hopi tradition of ookwalni (forgiveness arid mercy).
Hopi Resolution H-12-76 requires the Hopi Courts to look to the “customs, traditions, and culture of the Hopi Tribe” as authoritative in determining Hopi law. One such deeply rooted tradition of the Hopi Tribe is the concept of ookwalni (forgiveness and mercy). In this case, Mr. Timms is clearly deserving of ookwalni. He was dismissed from his position at Sherman High School pursuant to 25 U.S.C.A. § 3207(b), which stated that no individual may be appointed to a position which involves regular contact with Indian children if the individual has “been found guilty of, or entered a plea of nolo contendere or guilty to, any offense under Federal, State, or tribal law involving crimes of violence ...”
In 1990, Mr. Timms entered a guilty plea to assault as part of a case arising from wrongful possession of alcohol when he was 18-years-old. He is now 29-years-old, has attended college, and is a respected member of the community. He has not been convicted of any other criminal offense either before or since the 1990 conviction. In addition, he has submitted numerous letters praising him as both a teacher and an individual. Sandy Dixon, Mr. Timms supervisor at Sherman High School, wrote on June 28,1999:
Mr. Timms ... has demonstrated professionalism .., and outstanding integrity. I admonish you to reconsider Mr. Timms ... We will lose an outstanding role model for Native American children. As his supervisor, I do not wish to see this occur, nor do I want to lose an outstanding employee. His career is in your hands.
Ms. Kathy Tewawina stated in a letter dated January 22, 1999, that Mr. Timms is a “caring and sensitive person” and has a “very outgoing personality.” Victoria Richardson, Mr. Timms’ supervisor at the Southern California Indian Center, wrote on January 22, 1999, that Mr. Timms has a “great attitude and professional manner,” is on their volunteer call list, and has volunteered to help the Indian Center with its community events. In addition, Jim Hastings, principal of Sherman High School, wrote a letter dated June 28, 1998, in which he stated:
[During the past two years] Mr. Timms has proven himself to be an exemplary employee and a very caring individual. Cameron works very well with Native American students showing a great concern for their personal and educational well being. I have the highest regard for him as an employee and friend.
Mr. Timms acted irresponsibly on June 3, 1990. However, he has served his punishment and shown sufficient rehabilitation in order for the Court to invoke ookwalni in this case. Even the prosecutor in the motion to dismiss noted:
*422 the Tribe does not object to Defendants request for dismissal as a matter of justice. The Tribe believes that Defendant has not been before this Court since this matter occurred and that the disposition in this matter reflects in an equally positive manner on Defendant.
Response to Motion to Dismiss, April 14, 1999 (R.M.D.)(emphasis in original). Given all of these facts, the Court finds the tradition of ookwalni to be properly involved and controlling.

ORDER OF THE COURT

It is hereby ORDERED that the judgment of the Tribal Court denying the motion to set aside judgment in the case of The Hopi Tribe v. Cameron Timms is REVERSED AND REMANDED. The Tribal Court erred in not considering the Hopi tradition of ookwalni (forgiveness and mercy).

ORDER

The Court hereby strikes Appellee’s “Response to Appellants Brief’ from the record in this case. The brief was filed with the Court at 11:47 AM on same day as oral argument, giving the Court and the Appellant only 3 hours to review the brief before oral argument.